IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CECELIA WILKERSON, as Mother and Next Friend of B.B., a Minor child, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV 114-100 |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration, | ) ) ) ) ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Cecelia Wilkerson, proceeding on behalf of B.B. ("Claimant"), appeals the decision of the Acting Commissioner of Social Security ("the Commissioner") denying her application for Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

### I. BACKGROUND

Plaintiff applied for SSI on behalf of Claimant, alleging disability from attention deficit hyperactivity disorder (ADHD), oppositional defiant disorder (ODD), and a bipolar disorder, with a stated onset date of March 31, 2010. Tr. ("R"), pp. 31, 154, 173, 193. The record reflects

that prior to the ALJ's decision, Claimant had sought treatment from psychiatrist Lance Thigpen, M.D., for approximately seven years, starting in 2005. R. 423-581, 597-609, 619-22. The record also contains treatment notes for Claimant starting in 2010 for approximately one year and a half from psychologist Greg Swanson, Ph.D. R. 406-16, 610-18.

At the time of her application, Claimant was nine–years old, classified as a school-aged child under Social Security regulations, and was still classified as a school-aged child at the time the Administrative Law Judge ("ALJ") issued the January 31, 2012 decision currently under consideration by the Court. R. 28, 31; 20 C.F.R. § 416.926a. The Social Security Administration denied Plaintiff's application initially and on reconsideration, R. 83-88. Plaintiff requested a hearing before the ALJ, R. 94-96, and the ALJ held a hearing on January 5, 2012. R. 48-82. At the hearing, the ALJ heard testimony from Plaintiff and Claimant, who appeared with attorney George Bush, who also represents them in these proceedings. Id. On January 31, 2012, the ALJ issued an unfavorable decision. R. 28-47.

Applying the three-step sequential process required by 20 C.F.R. § 416.924(a), the ALJ found:

1. The claimant has not engaged in substantial gainful activity since March 31, 2010, the application date (20 C.F.R. §§ 416.924(b) and 416.971 *et seq.*).

2. The claimant has the following severe impairments: ADHD and mood disorder (20 C.F.R. § 416.924(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.924, 416.925, and 416.926). The claimant does not have an impairment or combination of impairments that functionally equals the severity of the listings (20 C.F.R. §§ 416.924(d) and 416.926(a)). Thus, the claimant has not been disabled, as defined by the Social

> Security Act, since March 31, 2010, the date the application was filed. (20 C.F.R. §§ 416.906 and 416.924(c)).

R. 31-43.

When the Appeals Council ("AC") denied Plaintiff's request for review, R. 6-11, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand of that adverse decision. Plaintiff argues that the Commissioner's decision is not supported by substantial evidence for eleven different reasons, which can be grouped into the following five categories of alleged error: (1) the ALJ erred in determining Claimant has less than a marked limitation in attending and completing tasks because he failed to consider opinion evidence from State Agency medical consultants; (2) the ALJ failed to address Claimant's testimony at the January 5, 2012 hearing; (3) the ALJ failed to conclude that Claimant had any severe impairments; (4) the ALJ, as well as the AC, failed to properly address opinion evidence from a treating physician; and (5) the ALJ failed to properly consider Claimant's medication changes and the effects therefrom. See doc. no. 10 ("Pl.'s Br."). The Commissioner maintains that the administrative decision is supported by substantial evidence. See doc. no. 13 ("Comm'r's Br.").

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence,

3

or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Commissioner of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

**III. DISCUSSION**

The case should be remanded because the ALJ failed to address an opinion of State Agency medical consultants and failed to properly consider Claimant's medication changes. The state of the record regarding Plaintiff's medication regimen is, at best, confusing. The ALJ's discussion of Plaintiff's medication does nothing to clarify the issue, and in fact, adds to the confusion by advancing the medically unsupported conclusion that Claimant's "high stage of growth, undoubtedly requir[es] changes in dosage, as her body develops." R. 34. When considered in combination with the ALJ's failure to discuss the opinion of State Agency medical consultants that, if supported, would result in a finding of disability due to functional equivalency to the severity of a Listing, this case should be remanded.

**A. The Three-Step Sequential Process to Evaluate Disability in Children.**

A three-step sequential process is used to determine whether a child is disabled. 20 C.F.R. § 416.924. At the first step, the Commissioner must determine whether the claimant is engaging in substantial gainful activity; if so, the claim is denied. Id. § 416.924(b). At the second step, the Commissioner must determine whether the claimant has a severe impairment or combination of impairments; if the claimant does not have any severe impairments, the claim is denied. Id. § 416.924(c). At the third and final step, the Commissioner must determine whether the claimant's impairments meet, medically equal, or functionally equal the Listings. Id. § 416.924(d). If the claimant does not have an impairment that meets, medically equals, or functionally equals the Listings, she will not be found disabled. Id. § 416.924(d)(2).

"A child's limitations 'meet' the limitations in the Listings if the child actually suffers from the limitations specified in the Listings for that child's severe impairment." Shinn *ex*

*rel*. Shinn v. Commissioner of Soc. Sec., 391 F.3d 1276, 1279 (11th Cir. 2004). In order to show that her impairment meets a Listing, a claimant needs to meet all of the specified medical criteria; an impairment that manifests only some of those criteria, no matter how severely, does not qualify. Sullivan v. Zebley, 493 U.S. 521, 530 (1990). "Limitations 'medically equal' the limitations in the Listings if the child's limitations 'are at least of equal medical significance to those of a listed impairment.'" Shinn, 391 F.3d at 1279. The claimant bears the burden of presenting specific medical findings to show she meets or equals a Listing. Wilkinson *ex rel*. Wilkinson v. Bowen, 847 F.2d 660, 662 (11th Cir. 1987).

In determining whether an impairment or combination of impairments "functionally equals the severity" of a listed impairment, the ALJ must consider six major domains of life, including: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. Parks v. Commissioner, Soc. Sec. Admin., 783 F.3d 847, 851 (11th Cir. 2015) (citing 20 C.F.R. §§ 416.926a(a), (b)(1), (d)). The claimant has the burden of proof to show that she has an "extreme" limitation in one domain, or "marked" limitations in two domains. Id. A limitation is "marked" if it "interferes seriously with [the claimant's] ability to independently initiate, sustain, or complete activities." Id. A "marked" limitation is "more than moderate but less than extreme." Id.

### B. The ALJ's Determination at Step Three that Claimant Did Not Meet, Medically Equal, or Establish Functional Equivalence to a Listing is Not Supported by Substantial Evidence.

As set forth above, Plaintiff complains of numerous errors regarding the ALJ's treatment of the record evidence, including but not limited to improper interpretation of

6

changes to Claimant's prescribed medication and omission of any discussion of the opinions of State Agency consultants from 2010 that conflict with the opinions of State Agency consultants from 2011 upon which the ALJ relied to deny Claimant's application.  Because the record reflects that the ALJ erred in failing to address the 2010 opinions of State Agency consultants and in his analysis of Claimant's medication, the Court will not address Plaintiff's remaining arguments.  Cf. Pendley v. Heckler, 767 F.2d 1561, 1563 (11th Cir. 1985) ("Because the 'misuse of expert testimony alone warrant reversal,' we do not consider the appellant's other claims.").

### 1. The ALJ Failed to Discuss a Relevant Opinion of State Agency Consultants.

According to Social Security Ruling 96-6p, findings of fact made by state agency medical and psychological consultants regarding the nature and severity of an individual's impairments must be treated as expert opinion evidence of a nonexamining source at the ALJ and AC levels of administrative review.  Although ALJs are not bound by the findings of state agency doctors, "they may not ignore these opinions and must explain the weight given to the opinions in their decisions."  SSR 96-6p.  Numerous courts have recognized this duty to address the opinions of state agency doctors.  Wade v. Colvin, No. 3:12-cv-853-J-MCR, 2013 WL 3153846, at *4 (M.D. Fla. June 19, 2013) (remanding to Commissioner, in part, because of failure to explain rejection of part of opinion offered by state agency consultant); Plourde v. Barnhart, No. 02-164-B-W, 2003 WL 22466176, at *4 (D. Me. Oct. 31, 2003) (relying on SSR 96-6p to conclude that "[w]ithout discussion or explanation, the administrative law judge implicitly rejected all of the foregoing mental limitations (by state agency doctors).  He was not free to choose simply to ignore this uncontradicted evidence, or

pick and choose from it *sub silentio,* to craft an RFC."), *adopted by* 2003 WL 22722078 (D. Me. Nov. 18, 2003); Goberman v. Apfel, No. 2:99CV316FTM26DNF, 2001 WL 267209, at *3 (M.D. Fla. Mar. 12, 2001) ("The ALJ's decision failed to refute this opinion [of the State agency program physician]. SSR 96-6 requires the ALJ to not only consider the program physician opinions because these physicians are considered experts, but in addition, must state the weight he has given the opinions in their decision.").

When considering Claimant's functional equivalence to the severity of a Listing, the ALJ found less than marked limitation for the first three domains: (1) acquiring and using information, (2) attending and completing tasks, and (3) interacting and relating with others. R. 38-40. The ALJ found no limitation in two other domains: (4) moving about and manipulating objects, and (6) health and physical well-being. R. 40-42. The ALJ found a marked limitation in the remaining domain: (5) caring for oneself. R. 41-42. Absent an extreme limitation in one domain or marked limitations in two domains, Claimant was found not disabled. See Parks, 783 F.3d at 851. In making his findings, the ALJ accorded "great weight" to the opinions of State Agency consultants Dr. Eva Harris and Dr. Linda O'Neal who "assessed the claimant in March of 2010." R. 38 (citing Ex. 8F). The ALJ rejected the opinions of Claimant's treating physician, Dr. Thigpen, which would have satisfied the requirements, (R. 36), and in each domain the ALJ matched exactly the findings of Drs. Harris and O'Neal. R. 38-42, 417-22.

Problematically, however, Drs. Harris and O'Neal were not the State Agency consultants who assessed Claimant in 2010. Those State Agency consultants were Dr. Richard Marting and Dr. Janet Telford-Tyler. R. 380-85 (Ex. 5F). Drs. Marting and Telford-Tyler reached different conclusions in 2010 than Drs. Harris and O'Neal reached in

8

2011, but the ALJ never mentioned that there were two sets of State Agency consultant opinions. The two sets of State Agency consultants differed in opinion on two domains: attending and completing tasks and caring for oneself. The 2010 opinion found a marked limitation in attending and completing tasks but a less than marked limitation in caring for oneself. R. 382-83. The 2011 opinion found a less than marked limitation in attending and completing tasks but a marked limitation in caring for oneself. R. 420. The ALJ did not acknowledge both assessments or explain his choice to disregard one report in favor of the other. This omission occurred despite Plaintiff's counsel pointing the ALJ at the evidentiary hearing to two sets of opinions from State Agency consultants contained in Exhibits 5F and 8F. R. 58-60.

The Commissioner rightly concedes that the ALJ did not discuss the State Agency consultant opinions of Drs. Marting and Telford-Tyler but argues that "the ALJ's oversight was, at most, harmless." Comm'r's Br., p. 6. The Commissioner concludes that remanding the case for consideration of these omitted opinions "would serve no practical purpose, would not alter the ALJ's findings, and would be a waste of judicial and administrative resources." Id. at 9. In reply, Plaintiff correctly points out that, because the ALJ found a marked limitation in the domain of the ability to care for oneself, a finding of a marked limitation in a second domain – such as attending and completing tasks as found by Drs. Marting and Telford-Tyler (R. 382) - would result of a finding of disability. Pl.'s Reply Br., p. 2.

There is no doubt that the ALJ, in contravention of SSR 96-6p, failed to address the State Agency consultant opinions of Drs. Marting and Telford-Tyler. The Commissioner's attempt at a post-hoc explanation of why those opinions do not change the disability

9

determination cannot excuse the error because the Court cannot now engage in an administrative review that was not done in the first instance at the administrative level, but rather must examine the administrative decision as delivered. Mills v. Astrue, 226 F. App'x 926, 931-32 (11th Cir. 2007) (acknowledging evidence in the record not mentioned by the ALJ may support administrative decision but concluding that court could not "say the error was harmless without re-weighing the evidence," which would require "conjecture that invades the province of the ALJ"); see also Martin v. Heckler, 748 F.2d 1027, 1031 (5th Cir. 1984) (noting it to be "inappropriate on judicial review for the first time to apply administrative criteria not themselves considered by the [Commissioner]"). Moreover, the Court is mindful that "[i]t is not enough to discover a piece of evidence which supports [the administrative] decision, but to disregard other contrary evidence. The review must take into account and evaluate the record as a whole." McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986); see also Martin, 748 F.2d at 1033 (rejecting misuse of one set of positive test results, to the exclusion of all other evidence of record, to find claimant not disabled when the ignored evidence suggested other severe impairments).

The ALJ made findings that coincided with the findings of one set of State Agency consultants without so much as an acknowledgment of another set of State Agency opinions that reached a different conclusion on a pivotal point. The Court offers no opinion on what a complete and accurate review of the administrative record might conclude on Claimant's disability application, but the Court cannot conclude that the decision as reported by the ALJ is supported by substantial evidence.

## 2. The ALJ's Analysis of Claimant's Medicinal Regimen.

In addition to failing to discuss a relevant opinion from State Agency consultants, the ALJ also erred in his analysis of Claimant's medicine. In rejecting Plaintiff's argument that Claimant met the requirements for Listing 112.11, *Attention Deficit Hyperactivity Disorder*, the ALJ first discredited the argument that Claimant had "numerous" changes in medication because she was not responding to the medicine. R. 34. According to the ALJ, there were only two changes in medication since the application date of March 31, 2010, through the date of the decision, and those changes both related to Risperdal. Id. The ALJ stated the first change occurred when "they" prescribed Risperdal for the first time on November 10, 2010 and then raised the dosage of Riesperdal on April 21, 2011. Id. He cites treatment notes of Claimant's psychologist, Dr. Swanson, in support. Id. (citing Exs. 7F, 12F.) As the Commissioner concedes, this is incorrect. Comm'r's Br., pp. 15-16.

First, the record shows that Claimant's Risperdal was increased not once, but twice during the relevant time period, and it was Claimant's treating psychiatrist, Dr. Thigpen, who prescribed the medication. R. 245. Risperdal was first introduced as a new medication at 0.5 mg in October or November of 2010.[1] Compare R. 251 with R. 444. The dosage increased to 1mg in November or December of 2010. Compare R. 251 with R. 442. Although not reflected in the pharmacy records, treatment notes suggest that the dosage increased again in 2011 to 1.5 mg. R. 600, 606, 608. Neither the ALJ nor the Commissioner's briefing recognizes this last change.

---

[1]There are slight discrepancies between the date a prescription was filled by a pharmacy and the dosage recorded at doctor's visits that occurred monthly.

11

Second, Dr. Thigpen added Abilify to Claimant's regimen for several months in 2010. R. 251, 446, 450, 466. Abilify is known as an antipsychotic drug used to treat certain mental/mood disorders and may improve concentration. See WebMD, http://www.webmd.com, select Drugs & Supplements, select Find or Review a Drug, (search "Abilify"). Third, as the Commissioner also points out, Claimant's dosage of Vyvanse increased to 70 mg in April 2010, rising steadily in 10 mg increases from 40 mg since first prescribed in September 2009. R. 250-51, 466. Vyvanse is used to treat ADHD and "may help to increase the ability to pay attention, stay focused, and stop fidgeting." See WebMD, http://www.webmd.com, select Drugs & Supplements, select Find or Review a Drug, (search "Vyvanse"). The Court need not wade into the dispute between Plaintiff and the Commissioner as to how many medication changes would qualify as "numerous." For purposes of this appeal, it is sufficient to conclude that the ALJ based his decision on a mistaken presumption of one dosage change of 0.5 mg to one medicine in a regimen that included at least four, when there were, as described above, multiple changes involving multiple drugs.[2]

Moreover, the ALJ discounted the one change in Risperdal that he did acknowledge by stating, "Additionally, the claimant is in a high stage of growth, undoubtedly requiring

---

[2] The pharmacy list that appears to run through October 2011 includes prescriptions for Vyvanes, Intuniv, Remeron, Risperidone, and Abilify samples. R. 251-52. Risperdal, the drug name used in the ALJ's opinion, is a brand name for Risperidone. See WebMD, http://www.webmd.com (search "Risperidone"). Moreover, the transcript index is somewhat misleading with respect to Claimant's medication list because it seems to suggest that it includes pharmacy information through 12/30/2011, but the document in Exhibit 12E states that it is a "Patient Prescription Record 8/19/2011 thru 8/19/2011." R. 243-46. This may have been part of the reason neither the ALJ nor the Commissioner recognized the indication in Dr. Thigpen's treatment notes that Claimant's Risperidone dosage increased in 2011 to 1.5 mg. R. 600, 606, 608.

changes in dosage, as her body develops." R. 34. The ALJ cites no evidentiary support for this conclusion about Claimant's growth rate or changes in her body, let alone that any medication change was due to such factors. Nor does the Commissioner. The Commissioner argues only that such a conclusion is "reasonable." Comm'r's Br., p. 16. The Commissioner does not offer, and the Court is not aware of a "reasonable" legal standard that applies to such a determination.

The Court is aware, however, of the prohibition against an ALJ making medical conclusions not grounded in the medical evidence of record but based merely on observations at an evidentiary hearing. The Eleventh Circuit has long disapproved of an ALJ "improperly substituting his judgment of the claimant's condition for that of the medical and vocational experts." Freeman v. Schweiker, 681 F.2d 727, 731 (11th Cir. 1982). Although it is true that an ALJ is not completely prohibited from considering a claimant's appearance and demeanor at a hearing, he "must not impose his observations in lieu of a consideration of the medical evidence presented." Norris v. Heckler, 760 F.2d 1154, 1158 (11th Cir. 1985). Here, not only did the ALJ fail to cite any medical evidence regarding Claimant's growth rate, but, as discussed *supra*, his consideration of the medical evidence was also flawed because it omitted any discussion of 2010 State Agency consultant opinions that conflicted with information upon which he relied to reject Claimant's application.

### IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and

that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED and RECOMMENDED this 29th day of May, 2015, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA